[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By writ, summons and complaint, dated December 15, 1992, the plaintiffs commenced this action, in three counts, against the defendant.
Count one is an action on a promissory note brought by the plaintiff, Burdett Associates Inc. Defined Benefit Plan (Burdett) against the defendant, Robert Zemmel, (Zemmel), as a partner of Four Custom Drive Partnership (Partnership).
Count two is an action on the same note seeking recovery from Zemmel as a guarantor of said note.
Count three is an action on a promissory note brought by the plaintiff Leslie M. Burdett against Zemmel.
After a full trial to the court, based on a preponderance of the credible, relevant and legally admissible evidence, the court finds, determines and rules as follows:
Prior to August 16, 1988, Herbert T. Clark (Clark) and Zemmel formed the partnership.
On or about August 16, 1988, the partnership held title to certain real estate located in Old Saybrook, Connecticut. CT Page 6647
On or about August 16, 1988, the partnership executed and delivered to Burdett a promissory note in the principal amount of $250,000.00 which note provided for interest at the rate of 11% per annum and which note was due and payable in full on August 16, 1989.
In addition to Clark and Zemmel sighing the note as partners, they delivered to Burdett their personal written guaranties of the repayment of the note.
The partnership also executed and delivered to Burdett a mortgage deed, dated August 17, 1990, encumbering the real estate in Old Saybrook owned by the partnership.
Payments were in default and by agreement dated October 26, 1990 the partnership and Burdett entered into a mortgage modification agreement which incorporated unpaid interest into the note changing the principal balance due to $262,888.05, payable interest only in the monthly amount of $2,409.81 per month until July 16, 1992, when the principal sum of $262,888.05 plus delinquency charges in the amount of $1,718.75 became due and payable.
The promissory note remains unpaid and Burdett has demanded full payment from Zemmel as a general partner and as a guarantor.
On the same date that the mortgage modification agreement was signed, October 26, 1990, Zemmel transferred all his interest in the partnership to Clark.
In addition, on October 3, 1990, Zemmel executed and delivered to the plaintiff, Leslie M. Burdett, a promissory note in the principal amount of $75,000.00, which note remains unpaid and in default.
On March 8, 1995, Zemmel filed a motion to amend his special defense adding a defense of novation and accord and satisfaction. The court grants the plaintiff's motion to amend its special defenses and enters a general denial thereto, closing the pleadings.
Zemmel contends that he is not responsible on the note reflected in the mortgage agreement, as modified on October 26, 1990, because on that date he was no longer a partner and that the October 26, 1990 was a new note (novation) relieving Zemmel CT Page 6648 as a principal and guarantor. Zemmel also claims that his execution of the promissory to Leslie M. Burdett in the amount of $75,000.00 was in full accord and satisfaction of the original promissory note and deed, executed by the partnership.
The court on all three counts of the complaint find the issues for the plaintiff's.
The court finds the special defenses of Zemmel unproven, and, accordingly judgment should enter for the plaintiff's on all three counts of the complaint.
Therefore, judgment is entered for the plaintiff Burdett Associates Inc. Defined Benefit Plan against the defendant Robert Zemmel, on both counts one and two of the plaintiff's complaint, in the amount of $262,888.05 plus delinquency charges of $1,718.75, plus accrued unpaid interest plus taxable costs plus counsel fees of $18,000.00.
And, judgment is entered for the plaintiff Leslie M. Burdett against the plaintiff Robert Zemmel on count three of the plaintiff's complaint in the amount of $75,000.00 plus accrued unpaid interest, plus taxable costs plus counsel fees of $5,500.00.
SPALLONE STATE TRIAL REFEREE
Judgment Enters in Accordance with the Foregoing Memorandum of Decision.
Jonathan W. Field, Deputy Chief Clerk